UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aaron O. Menze,

    Plaintiff,

v.

County of Otter Tail, *Franchise of the State of Minnesota*, Wayne Stein, *County Auditor, in his Official Capacity, in his Individual Private Capacity*, and Heather Jacobson, *County Assessor, in her Official Capacity*.

    Defendants.

File No. 25-cv-1055 (ECT/LIB)

**OPINION AND ORDER**

---

Aaron O. Menze, *pro se*.

James R. Andreen, Erstad & Reimer, P.A., Minneapolis, MN, for Defendants County of Otter Tail, Wayne Stein, and Heather Jacobson.

---

    Plaintiff Aaron O. Menze believes Otter Tail County lacks authority to assess and collect taxes on property he owns in Otter Tail County. Mr. Menze claims the Minnesota statutes authorizing the County to assess and collect property taxes violate the United States Constitution and cannot be enforced. As best I can tell from reading Mr. Menze's Complaint, he wants a refund of the property taxes he has paid and damages of more than $100,000. Separately, he filed a motion seeking a temporary restraining order that would prohibit Defendants from assessing or collecting property taxes from him.

    If the case sounds frivolous, that's because it is. What makes things worse is that this is the fifth case Mr. Menze has filed asserting the same basic legal theory, and each of

the four prior cases was dismissed. Defendants seek this case's dismissal under Federal Rule of Civil Procedure 12(b)(6) and sanctions under Rule 11. The Rule 12(b)(6) motion will be granted because Mr. Menze did not respond to it and because his claims are implausible. The Rule 11 motion will be granted, too. A filing restriction will be imposed on Mr. Menze, though he will not be ordered to pay Defendants' fees and costs. Mr. Menze's motion for a temporary restraining order will be denied.

I[1]

*The first suit.* On March 31, 2022, Mr. Menze filed a complaint in Otter Tail County District Court questioning the County's authority to tax his property. *See Menze v. Otter Tail County* (*Menze I*), 56-CV-22-718 (Minn. Dist. Ct. Mar. 31, 2022) (Index No. 2). The County moved to dismiss the case for failure to state a claim, and on September 26, Judge Johnathan R. Judd granted the motion, observing that "Plaintiff's document appears to ask general questions of the Defendant regarding explanations of the concept of property taxation," and noting that the complaint asserted no claim under Minnesota Statutes § 278.01, subdivision 1, the statute providing defenses to property-tax assessment. *Menze I* (Index No. 28 at 5–6). Judge Judd dismissed the case without prejudice. *Id.* at 6.

*The second suit.* On March 19, 2023, Mr. Menze brought a second set of claims to state court. *See Menze v. Otter Tail Cnty. Auditor - Treasurer* (*Menze II*), 56-CV-23-582 (Minn. Dist. Ct. Mar. 20, 2023) (Index No. 2). This complaint sought to enjoin the

---

[1] In accordance with the Rule 12(b)(6) standards, the facts are drawn from the Complaint and public records, none of which contradict the Complaint or are disputed by the parties. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014); *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012).

County's collection of property taxes, repeating the claims brought in *Menze I*, where "Plaintiff sought declaratory and administrative relief that could have cured this Tort," but the "District Court of Minnesota located in Otter Tail County failed to act according to statute and therefore denied relief, remedy, or cure." *Id.* at 3–4. On April 13, Judge Judd construed the filing as a motion to reconsider *Menze I* and dismissed the action *sua sponte*, again without prejudice. *Menze II* (Index No. 12 at 1, 3).

*The third suit.* On April 19, 2023, Mr. Menze filed what Judge Judd construed as an answer to "the tax or penalty against such parcel of land" published in a delinquent real estate tax notice. *See* Minn. Stat. § 279.15; *Minn. Otter Tail Cnty. Dep't - Auditor v. Menze* (*Menze III*), 56-CV-23-844 (Minn. Dist. Ct. June 12, 2023) (Index No. 15 at 2). That chapter provides that the County may upon proper notice seek to reduce delinquent taxes to a judgment, *see* Minn. Stat. §§ 279.05, 279.091, 279.14, and parties with an interest in the land may file "an answer setting forth a defense or objection to the tax or penalty against such parcel of land," Minn. Stat. § 279.15. Mr. Menze's answer restated his arguments that the County had no authority to collect property taxes. *See Menze III* (Index No. 1). Judge Judd again rejected Mr. Menze's claims. *Menze III* (Index No. 15 at 4–5). In a June 12 order, Judge Judd concluded that "Mr. Menze failed to overcome the presumption that his property is subject to taxation because he presented no evidence," and he "sustain[ed] all taxes and penalties against the parcels identified" in the suit, instructing the court administrator to enter judgment. *Id.* at 5–6. On June 26, Mr. Menze filed a motion to reconsider. *Menze III* (Index No. 18). The next day, the County moved for an "Order identifying Aaron Menze as a frivolous litigant" and restricting his ability to file in the

3

Otter Tail County District Court. *Menze III* (Index No. 20 at 1). The court denied Mr. Menze's motion to reconsider and granted the County's motion to find Mr. Menze a frivolous litigant. *Menze III* (Index No. 30 at 6); *see also* ECF No. 12-6 at 6. Judge Judd determined that Mr. Menze's argument was wrong on the merits and that Mr. Menze was "unlikely to prevail on future actions relating to his property taxes" because "[t]here is nothing to indicate that his properties are exempt from taxation," and the County has "no legal obligation" "to answer legal questions about its police powers and ability to tax real property." *Menze III* (Index No. 30 at 5–6). "Given the number of times [Mr. Menze] has attempted to raise the same baseless legal claims," the court concluded, "it appears the only way the Court can correct the situation is to impose the preconditions as set forth below." *Id.* at 6. Judge Judd ordered that Mr. Menze post $100.00 in security "before filing any legal claim, motion, or other request relating to his property taxes," and to pay the same amount "to the prevailing party" if his "legal claim, motion, or other request is the same as or is similar to those made in" the three previous cases. *Id.* at 6–7. Mr. Menze did not appeal.

*The fourth suit.* Restricted in his ability to bring claims in state court, Mr. Menze turned to federal court. On April 9, 2024, Mr. Menze filed a fourth action asserting essentially the same claims as before. *See Menze v. County of Otter Tail* (*Menze IV*), No. 24-cv-1243 (PJS/LIB) (D. Minn. Apr. 9, 2024), ECF No. 1 ¶ 26 ("To Date, the Defendant's claims have not been substantiated with any type of jurisdictional statements or substantiating evidence that the State or County has personal, subject matter and territorial jurisdictional authority over the Plaintiff or his private property."). The County moved to

4

dismiss, *Menze IV*, ECF No. 5, and Mr. Menze moved for injunctive relief, ECF No. 22. Reasoning that the complaint was barred by the *Rooker-Feldman* doctrine and was frivolous, Magistrate Judge Leo I. Brisbois concluded that subject-matter jurisdiction was lacking and recommended denying the motion for injunctive relief and dismissing the action without prejudice. *Menze IV*, ECF No. 35 at 12, 15, 18–19. Chief Judge Patrick J. Schiltz adopted the report and recommendation in its entirety on January 10, 2025. *Menze IV*, ECF No. 39. Mr. Menze did not appeal.

*This suit.* Mr. Menze filed this case on March 21, 2025. ECF No. 1. He raises the same basic issue he raised in each of his four prior cases. *See* ECF No. 7 at 6 ("The controversy before this Court can be boiled down to a single issue. Do the Defendants have Federal of [sic] State jurisdiction to make property tax claims upon the Plaintiff or his property?"). He claims the County misapplied state statutes using "[f]ictions of law" and has since "netted . . . more than $95,000 from the Plaintiff since November 18, 2020." ECF No. 1 ¶ 7. In Mr. Menze's view, the County failed to establish that his property was subject to taxation under Minnesota law. *Id.* ¶¶ 26–28. It was not sufficient, he argues, for the County to rely on Minnesota Statutes § 272.01, which states that "[a]ll real and personal property in this state is taxable, except Indian lands and such other property as is by law exempt from taxation." *Id.* ¶ 24; Minn. Stat. § 272.01, subdiv. 1. That is because, he claims, "[t]he right to own property is absolute unless an obligation is entered into," ECF No. 1 ¶ 14, and since he never consented to taxation, the County may not tax his land, *id.* ¶ 18. He sues under 42 U.S.C. §§ 1983 and 1985(3), asserting several claims: breach of contract, violation of the Minnesota Government Data Practices Act, violation of the

5

Freedom of Information Act, and the torts of fraudulent misrepresentation, conversion, negligence, and defamation, and he "petitions this Court under the First, Fourth, Fifth, Seventh, Ninth, Tenth, Thirteenth (Section 1), and Fourteenth (Section 1) Amendments of the Federal Constitution for the redress of injuries." *Id.* ¶¶ 5–6, 9–11, 32.

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because he is pro se, Mr. Menze's Complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[H]owever inartfully pleaded," pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted); *see also Sorenson v. Minn. Dep't of Corr.*, No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012).

Mr. Menze's failure to respond to the motion constitutes a waiver, and the motion could be granted on just this basis. *See Daniel v. Honeywell Int'l Inc.*, No. 22-cv-3184 (ECT/DLM), 2023 WL 6392404, at *2 (D. Minn. Oct. 2, 2023) (noting that a failure to respond to a motion "constitutes a waiver"), *aff'd*, No. 23-3476, 2024 WL 3634227 (8th Cir. Aug. 2, 2024); *Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023) ("As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."); *Cox v. Harpsted*, No. 22-cv-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting report and recommendation and agreeing that the plaintiff's "failure to respond to defendants' motion to dismiss amounts to waiver"); *see also Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court." (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002))). Here, Defendants filed their Rule 12(b)(6) motion on April 11, 2025. ECF No. 10. Under the Local Rules, Mr. Menze had twenty-one days to respond to the motion. D. Minn. LR 7.1(c)(2). Mr. Menze did not respond to the motion by that deadline in the way the Local Rules require, and he has not responded since. It is true that Mr. Menze filed a letter addressed to me on April 14 [ECF No. 17], but the letter did not respond

7

to Defendants' Rule 12(b)(6) motion. It described a "harmless error" Mr. Menze claimed to have made in drafting his Complaint and requested that a one-page document Mr. Menze filed separately be incorporated into the Complaint. *See id.*; *see also* ECF No. 18.

Waiver aside, the Rule 12(b)(6) motion would be granted based on issue preclusion because a court in this District previously determined that the *Rooker-Feldman* doctrine bars Mr. Menze from pursuing his claims in federal court. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata is an affirmative defense that a defendant must plead and prove, but a court may nonetheless dismiss an action on this basis under Rule 12(b)(6) if the complaint (including public records and documents it embraces) establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). "The law of the forum that rendered the first judgment"—here, the United States District Court for the District of Minnesota—"controls the res judicata analysis." *Id.* at 764 (quoting *Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor*, 553 U.S. at 891. Under federal law, issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

8

*Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102–03 (8th Cir. 2013) (quoting *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007)).

Though a dismissal under *Rooker-Feldman* means the absence of federal jurisdiction, *see In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 234 (8th Cir. 2013), the Eighth Circuit has clarified that dismissals for lack of subject-matter jurisdiction and dismissals without prejudice may, in certain circumstances and for certain purposes, be valid and final judgments for the purpose of issue preclusion. "Ordinarily, a judgment dismissed without prejudice does not create a res judicata bar." *Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020) (citing *Rosemann v. Roto-Die, Inc.*, 276 F.3d 393, 398 (8th Cir. 2002)); *see Smith v. Mo. Dep't of Corr.*, 207 F. App'x 736, 737 (8th Cir. 2006) (per curiam). But the "finality" element "has become less rigorous" over the years, *Robinette*, 476 F.3d at 589, and "may mean little more than that the litigation of a particular issues has reached such a stage that a court sees no really good reason for permitting it to be litigated again," *id.* (quoting *John Morrell & Co. v. Loc. Union 304A of United Food & Com. Workers*, 913 F.2d 544, 563 (8th Cir. 1990)). So it is not necessary that a judgment be decided on the merits or a case dismissed with prejudice; if an issue is "actually decided in a non-merits dismissal," it "is given preclusive effect in a subsequent action between the same parties." *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999). That includes dismissals for lack of subject-matter jurisdiction—the ruling has preclusive effect on that issue. *See Sandy Lake*, 714 F.3d at 1103 ("Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction."); *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th

9

Cir. 1997) ("[A] dismissal based on subject matter jurisdiction . . . 'should preclude relitigation of the same [jurisdiction] issue but not a second suit on the same claim even if arising out of the identical set of facts . . . .'" (quoting *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981) (third alteration in original)); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4435 n.7 (3d ed. May 2025 Update) ("A dismissal for lack of subject-matter jurisdiction, for example, does not preclude a second action on the same claim in a court that does have subject-matter jurisdiction, but does preclude relitigation of the question whether the first court had subject-matter jurisdiction.").[2]

Mr. Menze's attempt to challenge his state-court tax judgment in this case is precluded by *Menze IV*'s ruling that a federal district court lacks jurisdiction to hear the challenge under the *Rooker-Feldman* doctrine. The Complaint and public records show that all the elements of issue preclusion are met. (1) The party sought to be precluded—Mr. Menze—was party to *Menze IV*. (2) The issue of subject-matter jurisdiction was involved and (3) "actually litigated" in that proceeding. *See Menze IV*, ECF No. 35 at 9–12 (analyzing *Rooker-Feldman* abstention). The *Rooker-Feldman* doctrine prevents suits

---

[2]   *Rooker-Feldman*'s jurisdictional character raises the question whether Defendants should have brought their motion under Rule 12(b)(1). Here, the question is academic. Had Defendants brought a Rule 12(b)(1) motion, it would have presented a "facial attack" to subject-matter jurisdiction, and in analyzing a facial attack, a court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). In other words, the standards governing the motion's adjudication would not change. Because of the dismissal's jurisdictional character, however, the dismissal will be without prejudice.

10

by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 554 U.S. 280, 284 (2005). The court in *Menze IV* determined that the complaint "implicitly asks this Court to overturn judicial decisions of the Minnesota State Court regarding Otter Tail County's authority to assess taxes against Plaintiff's real property," so it could not be heard in federal district court. *Menze IV*, ECF No. 35 at 11. The Complaint here raises the same claims and requests the same relief. *See* ECF No. 1 ¶¶ 29–30 (seeking review of the state-court determination that Mr. Menze owes property taxes and seeking damages for taxes paid pursuant to the state-court judgment). (4) The determination that the court in *Menze IV* lacked subject-matter jurisdiction was a final and valid judgment with respect to that issue. *See Sandy Lake*, 714 F.3d at 1103. (5) Mr. Menze's failure to establish subject-matter jurisdiction was essential to the judgment. The bottom line is that, because *Menze IV* resolved the *Rooker-Feldman* question against subject-matter jurisdiction, that same result holds here.

### III

Defendants seek Rule 11 sanctions against Mr. Menze. ECF No. 24. They ask that Mr. Menze be ordered to pay their attorneys' fees incurred in defending this case and that Mr. Menze be restricted from filing future cases without the court's permission. ECF No. 27 at 6. As support for the motion, Defendants essentially repeat the state court's analysis from *Menze III*; there, the court characterized Mr. Menze's claims as "baseless" and "frivolous." *Id.* at 4 (citing ECF No. 12-6 ¶¶ 8, 10). Defendants properly filed their motion

11

twenty-one days after serving it on Mr. Menze.  ECF No. 26; *see* Fed. R. Civ. P. 5(b), 11(c)(2).  Mr. Menze was given notice and reasonable opportunity to respond to the Rule 11 motion, but he did not.[3]

Under the relevant portions of Rule 11(b), an attorney or unrepresented party signing and filing a complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Our Eighth Circuit Court of Appeals has "urge[d] the district courts to assure compliance by pro se litigants with the requirements of Rule 11."  *Ginter v. Southern*, 611 F.2d 1226, 1227 n.1 (8th Cir. 1979) (per curiam).  A reasonable inquiry requires that "the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis."  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).  This is an objective standard that applies to pro se litigants as well as attorneys, though "what is objectively reasonable for a [pro se party] may differ from what is objectively reasonable for an attorney."  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 550–51 (1991) (quoting *Bus. Guides, Inc. v. Chromatic*

---

[3]  "Notice and a reasonable opportunity to respond" does not require an in-person hearing in every case.  *See Kunzer v. Foster*, No. 24-cv-3726 (LMP/LIB), 2025 WL 1135110, at *5 n.4 (D. Minn. Apr. 17, 2025) (citing *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009) (per curiam)); *Meadows v. Morrison*, No. CIV.A. 3:01CV02314-D, 2002 WL 1798910, at *3 n.5 (N.D. Tex. Aug. 2, 2002) ("No evidentiary hearing is necessary where, as here, Nelson has made no effort to refute the allegations of Crest's motion and the amount of sanctions to be awarded does not of itself warrant a court hearing.").  Here, Mr. Menze had a reasonable opportunity to respond to the motion in writing.

*Commc'ns Enters., Inc.*, 892 F.2d 802, 810 (9th Cir. 1989)); *see Dixon v. Rybak*, No. 06-cv-2579 (PAM/JSM), 2006 WL 2945564, at *2 (D. Minn. Oct. 13, 2006). In other words, the rule requires litigants to "stop-and-think" before making legal or factual contentions in pleadings. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. "The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (citation modified) (quoting *Kirk Cap. Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994)). Courts "may consider the wrongdoer's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and other factors." *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990)).

Mr. Menze violated Rule 11(b) when he filed this case. I'll grant that *Rooker-Feldman* and preclusion questions can be difficult, but Mr. Menze did not appeal *Menze IV*, and he did nothing in his Complaint in this case to address the problems the court identified in *Menze IV*. He just filed what is essentially the same complaint that was dismissed in *Menze IV*. Nothing—not the Complaint or anything else Mr. Menze filed in this case—reflects that he gave any thought to these issues before filing the case or since. Separate from the *Rooker-Feldman* problem, the courts in *Menze III* and *Menze IV* unequivocally rejected Mr. Menze's claims on their merits and told Mr. Menze his claims were frivolous. *See Menze III* (Index No. 30 at 6–7). In *Menze III*, Judge Judd wrote that Mr. Menze raised "baseless legal claims" and pursued litigation in "bad faith." *Id.* at 6.

Mr. Menze did not appeal that decision. In *Menze IV*, Judge Brisbois analyzed the same claims and reached the same conclusion: Mr. Menze's claims "lack[ed] any arguable basis in law or fact." *Menze IV*, ECF No. 35 at 14. Chief Judge Schiltz adopted Judge Brisbois's Report and Recommendation in its entirety after a de novo review. *Menze IV*, ECF No. 39. Mr. Menze did not appeal that ruling either. In other words, three different judges told Mr. Menze his claims were frivolous. This case presents the same frivolous theories. Any reasonable person—even someone with no legal training—would have known better than to file it.

Several considerations favor the imposition of a filing restriction on Mr. Menze. "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (quoting *People v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)). In determining whether to impose a filing restriction, courts consider

> (1) the party's history of litigation, particularly whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party has an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties.

*Westley v. Bryant*, No. 14-cv-5002 (PJS/BRT), 2015 WL 2242161, at *10 (D. Minn. May 12, 2025). A filing restriction must be narrowly tailored to fit the circumstances it is intended to address. *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009).

Here, all four factors support a filing restriction.  Mr. Menze's history of frivolous litigation is now five lawsuits long, all raising the same discredited claims.  As the analysis of Rule 11(b) makes clear, Mr. Menze lacked any objectively good faith basis for pursuing this case (or any of his prior cases).  His cases and claims required Defendants and the state and federal judiciaries to unnecessarily expend meaningful resources.  And a tailored filing restriction meets the requirement that a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Mr. Menze will be restricted from filing new cases in this District against Defendants or based on the same nucleus of operative allegations as those in this lawsuit, *Menze I*, *Menze II*, *Menze III*, and *Menze IV*, unless he is represented by counsel or obtains prior written authorization to file a case from a judicial officer of this District.[4]  A reasonable judge might decide that a monetary sanction also is warranted, but I do not.  By its nature, the imposed filing restriction will almost certainly deter Mr. Menze from filing another property-tax challenge here, and I conclude an award of attorneys' fees "would only serve to punish [Mr. Menze], which is not the proper function of Rule 11

---

[4]  "Typically, in this District, 'courts first warn a litigant before placing them on the restricted filer list.'"  *Kunzer v. Foster*, No. 24-cv-3726 (LMP/LIB), 2025 WL 1135110, at *3 (D. Minn. Apr. 17, 2025) (quoting *Nelson v. Ellison*, No. 23-cv-2122 (JRT/LIB), 2024 WL 714149, at *3 (D. Minn. Feb. 21, 2024)).  That presumption can be overcome "in light of the amount of litigation [a party] has filed raising substantially identical allegations."  *Glover v. Hochschild*, No. 23-cv-119 (PAM/DLM), 2023 WL 4828135, at *4 (D. Minn. July 27, 2023) (citing *Bethune v. Minnesota*, No. 21-cv-2673 (PJS/ECW), 2021 WL 5964540, at *2 (D. Minn. Dec. 16, 2021)).  Any notice-related concern is not in play here.  Defendants requested a filing restriction, *see* ECF No. 27 at 5, meaning Mr. Menze was given notice of that possibility.  He nonetheless chose not to respond to the Rule 11 motion.  And Mr. Menze should have seen it coming.  He filed five essentially identical cases, and Judge Judd previously restricted Mr. Menze's state-court filing ability.

sanctions." *Kunzer v. Foster*, No. 24-cv-3726 (LMP/LIB), 2025 WL 1135110, at *5 (D. Minn. Apr. 17, 2025).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss [ECF No. 10] is **GRANTED**.

2. Defendants' Motion for Sanctions [ECF No. 24] is **GRANTED IN PART**.

3. Plaintiff Aaron O. Menze is restricted from filing new cases in this District against Defendants Otter Tail County, the Otter Tail County Auditor in his official capacity, Wayne Stein in his individual capacity, the Otter Tail County Assessor in her official capacity, and Heather Jacobson in her individual capacity, or based on the same nucleus of operative allegations as those in this lawsuit, *Menze I*, *Menze II*, *Menze III*, and *Menze IV*, unless he is represented by counsel or obtains prior written authorization to file a case from a judicial officer of this District.

4. Plaintiff's Motion for Temporary Restraining Order [ECF No. 6] is **DENIED**.

5. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 22, 2025                           s/ Eric C. Tostrud
                                                  Eric C. Tostrud
                                                  United States District Court